## HUMPHREY v BAILEY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1195.   Decided June 29, 1933

Earl C. Null, Miamisburg, and Lawrence Bauver, Miamisburg, for plaintiff in error.
Virgil Dorfmeier, Dayton, for defendant in error.

## OPINION

By HORNBECK, PJ.

It is obvious from a statement of the foregoing facts that there is a variance among officers who had connection with the bill of exceptions in this case.

As the record unexplained stands we are required to take the certificate of the clerk of courts as appearing in the transcript of the docket and journal entries which the law provides shall be prepared and filed in this court. In addition to this we have the certificate of the trial judge supporting the dates as appearing in the transcript.

So that there might be no source of information left uninvestigated, upon our own motion, we took the testimony of such officers and attaches of the trial court as would be helpful on the question in dispute.

Without discussing at length the testimony in detail, suffice to say that it does not appear that a completed bill of exceptions was filed with the clerk of courts on April 4, 1933.

We are therefore required to hold both upon the state of the record and upon the evidence in support thereof that the bill of exceptions was not filed within the time fixed by law and that the motion of defendant in error to dismiss same must be sustained.

The second branch of the motion will be sustained because, as we understand it, the only questions raised on the proceeding in error related to the weight of the evidence or rulings on admission or rejection of testimony and this would require a consideration of the bill of exceptions. If we are in error in this assumption and there is any other claim of error which can be exemplified without the bill of exceptions we could consider this claim.

KUNKLE and BARNES, JJ, concur.